# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| WILLIAM ERNEST HOLLAND,   )<br>     Petitioner,              )<br>                              )<br>v.                               )<br>                              )<br>MARTY ANDERSON, Warden,[1]   )<br>FCI Beckley,                  )<br>     Respondent.            ) | CIVIL ACTION NO. 5:05-0573 |

## PROPOSED FINDINGS AND RECOMMENDATION

On July 15, 2005, Petitioner, an inmate at FCI Beckley and acting *pro se,* filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[2] (Document No. 1.) Petitioner alleges an entitlement to relief based upon the United States Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application and Memorandum of Law (Document Nos. 1 and 2.) and the records in the underlying criminal and *habeas* proceedings in the Fourth Circuit Court of Appeals, North Carolina and Tennessee, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of

---

[1] Marty Anderson is no longer Warden of FCI Beckley. Todd R. Craig is.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Western District of North Carolina; and (3) in any event, Petitioner is not entitled to relief based upon Blakely and Booker.

## FACT AND PROCEDURE

On February 24, 1995, Petitioner pled guilty in the United State District Court for the Western District of North Carolina to Conspiracy to Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846. United States v. Holland, Criminal No. 5:94-CR-0027-01 (W.D.N.C. Aug. 14, 1995).[3] On August 14, 1995, the District Court sentenced Petitioner to a 235-month term of imprisonment, to be followed by a five-year term of supervised release. (Id., Document No. 43.) Petitioner appealed his sentence to the Fourth Circuit Court of Appeals. (Id., Document No. 42 and United States v. Holland, Appeal No. 95-5650, in the Fourth Circuit Court of Appeals.) On July 30, 1996, the Fourth Circuit affirmed Petitioner's sentence. (Id., Document No. 54.) Petitioner did not seek review of the Fourth Circuit's decision in the United States Supreme Court.[4]

---

[3] A copy of the Docket Sheet in *United States v. Holland*, Criminal No. 5:94-CR-0027-01 (W.D.N.C. Aug. 14, 1995), Docket Sheets respecting proceedings in the Fourth Circuit Court of Appeals and Petitioner's Section 3582 Motion recently filed in the Western District of North Carolina will be left-side filed at the time of the filing of this Proposed Findings and Recommendation.

[4] For purposes of retroactivity analysis and collateral review, Petitioner's sentence became final on or about Monday, October 28, 2006, ninety days after the Fourth Circuit's entry of its decision. *See* Sup. Ct. R. 13.1; *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(citing, *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005, well after Petitioner's sentence became final, and they have no retroactive application. The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected release date is October 14,

On April 30, 1997, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in the Western District of North Carolina. (Id., Document No. 68.) Petitioner asserted the following grounds of error: (1) The Court improperly participated in plea negotiations; (2) The Court failed to resolve disputed facts from the Presentence Report; (3) Involuntary guilty plea; and (4) Ineffective assistance of counsel. The District Court denied Petitioner's Motion on July 7, 2000. (Id., Document No. 75.) Petitioner did not appeal the District Court's decision.

Rather, on September 25, 2000, Petitioner filed a Motion for Authorization to File a Successive Application for Relief. In re: Holland, *et al.*, Case No. 00-806 (4th Cir. Dec. 14, 2000). The Fourth Circuit denied Petitioner's Motion on October 27, 2000. (Id., Document No. 10.) On December 14, 2000, Petitioner filed a Motion for Reconsideration of the order denying authorization to file a successive application. (Id., Document No. 13.) The Fourth Circuit denied Petitioner's Motion on December 14, 2000. (Id., Document No. 14.)[5]

Petitioner indicates that he subsequently filed in the United States District Court for the Western District of Tennessee an Application for Writ of *Habeas Corpus* by a Person in Federal

---

2011.

[5] In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which, among other things, established procedural requirements for the filing of second or successive Section 2255 motions. The effective date of AEDPA was April 24, 1996. As noted above, Petitioner's conviction and sentence became final on October 28, 1996, after AEDPA became effective. Under AEDPA, Section 2255 requires by reference to 28 U.S.C. § 2244 that a person seeking to file a second or successive first receive permission to do so from the appropriate Circuit Court of Appeals. The Court of Appeals may authorize the filing of a second or successive Section 2255 motion if the motion is based upon "(1) newly discovered evidence . . .; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255 and 2244(b)(2)(A).

Custody under 28 U.S.C. § 2241. (Civil Action No. 05-0573, Document No. 1, p. 3.) Petitioner raised the following grounds of error: "(1) Ineffective assistance of counsel; (2) Defective Indictment; (3) Offense conduct inconsistent with that charged in the indictment; and (4) Judgment imposed in violation of holding in Apprendi v. New Jersey." (Id.) Petitioner states that his Petition was denied by the Western District of Tennessee. (Id.)

On July 15, 2005, Petitioner filed the instant Application alleging that the Trial Court violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Id.) Specifically, Petitioner states as follows (Document No. 1, pp. 7-8.):

> (a) Holland's sentence violates his right to due process, as informed by ex post facto principles, because it is greater than the maximum Guideline sentence which could have been imposed based on the facts to which Holland pled guilty. Due process, informed by ex post facto principles, prevents the retroactive application of a judicial decision that increases a defendant's punishment. Booker's remedial opinion increases a defendant's potential punishment and therefore violates due process. The Sixth Amendment requires any fact that increases a defendant's sentence to be found by a jury beyond a reasonable doubt or be pled to by the defendant. The holding of Blakely applies to the United States Sentencing Guidelines and renders them advisory rather than mandatory....Holland is entitled to benefit from the Sixth Amendment protections set forth in Booker. Because the sentence imposed by the district court exceeds the greatest sentence to which Holland could have been sentenced under the mandatory guidelines, it must be vacated.
>
> (b) Holland's sentence of 235 months in prison is unreasonable because it is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C., Section 3553(a)(2). The sentencing range under the Guidelines as calculated by the district court is not mandatory. This Court must, therefore, review Holland's sentence for reasonableness. The district Court's sentencing decision, as well as this Court's review for reasonableness, must consider the Section 3553(a)(2) purposes and all Section 3553(a) factors equally, without giving excess weight to the advisory Guideline range.

It appears that Petitioner has recently filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in the Western District of North Carolina citing Booker and the District Court

has not ruled upon Petitioner's Motion. United States v. Holland, Criminal No. 5:94-CR-0027-01 (W.D.N.C. Aug. 14, 1995), Document No. 80.

## **ANALYSIS**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of North Carolina. According to Booker and Blakely, Petitioner alleges that his sentence was improperly enhanced based upon facts found by the District Court and

5

not by a jury, in violation of his Sixth Amendment rights. (Document Nos. 1 and 2.) Specifically, Petitioner states that "[t]he enhancements to movant's guideline calculations, including the amount of drugs ascribed to movant by the probation officer, were based upon facts found by the district court, not by admission of movant." (Document No. 2, p. 3.) Thus, Petitioner asserts that his base offense level was improperly enhanced by two levels. (Id.) Petitioner further contends that the Guidelines "overstate the seriousness of the offense because the Guideline enhancement for quantity of controlled substances and leader/organizer unduly increased movant's sentence." (Id., p. 8.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct Petitioner's sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the movant, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court and the Fourth Circuit has denied his request to file a successive Section 2255 Motion.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was

inadequate or ineffective such that he could resort to Section 2241. Even if Petitioner is procedurally barred from proceeding under Section 2255, he does not have recourse under Section 2241. The United States Supreme Court's decisions in Blakely and Booker were based upon and extended the rationale which the Court first announced in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[6] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In Booker, the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" Booker, 543 U.S. at 268, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). The Fourth Circuit Court of Appeals has determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were

---

[6] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

7

final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Therefore, the undersigned finds that Blakely and Booker were decided after Petitioner's sentence became final, and does not present cognizable grounds for claiming that Section 2255 is inadequate and seeking relief under Section 2241. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." Additionally, Petitioner's sentence did not exceed the prescribed statutory maximum authorized by the facts established through his plea of guilty to violating 21 U.S.C. § 846 (life imprisonment).[7]

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

---

[7] Petitioner's plea agreement stated that "the defendant and the United States agree and stipulate as follows: (a) The parties agree that the amount of cocaine base that was known to the defendant or was reasonably foreseeable to the defendant was between 50 to 150 grams...." (United States v. Holland, Criminal Case No. 5:94-CR-0027-01 (W.D.N.C. Aug. 14, 1995), Plea Agreement.)

United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: May 5, 2008.

R. Clarke VanDervort
United States Magistrate Judge